JUAN S. MANGUAL, MAYOR OF THE MUNICIPALITY OF JUANA DÍAZ, Petitioner, v. DISTRICT COURT OF PONCE, Respondent.

No. 1499. Argued February 10, 1943.—Decided February 23, 1943.

Felipe Colón Díaz for petitioner. R. Hernández Matos and G. Silva for intervener, defendant in the main action.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The Mayor of the Municipality of Juana Díaz filed in this court a petition for certiorari wherein he asks us to review and annull the judgment of December 4, 1942, rendered by the District Court of Ponce, in a certain administrative proceeding instituted by the petitioner-mayor against Sixto Acosta, Secretary-Auditor of said municipality. We shall make an analysis of the facts.

The petitioner mayor filed three charges against the municipal secretary on August 20, 1941. The charges, briefly stated, were as follows:

1. Discharge of a servant from the Municipal Hospital who was working temporarily as substitute for the regular employee.

2. Being disrespectful to the mayor, provoking him by words, putting him out of his office, and aiming at him and threatening him with a revolver.

3. Appointing a certain person as graduate nurse to the Municipal Hospital without the authorization of the mayor.

At the hearing on the charges, the respondent secretary filed a petition calling on the mayor to disqualify himself on the ground that the latter felt bias and prejudice against the respondent. The petition for disqualification having been denied, the mayor proceeded with the hearing of the charges. The respondent declined to cross-examine the witnesses for the prosecution and waived his right to produce any evidence in support of his answer.

On September 12, 1942, the mayor, petitioner herein, rendered a decision, declaring that all the charges had been proved and removed Sixto Acosta from the office of secretary-auditor. The latter appealed to the District Court of Ponce, seeking a review of the proceedings had, and alleging among other things that the mayor had committed manifest error in denying the petition for disqualification. The District Court of Ponce rendered judgment setting aside the

decision appealed from, on the ground that the petitioner-mayor should have sustained the motion for disqualification and should have abstained from participating in the charges filed by him. On July 29, 1942, this court reversed said judgment and remanded the case to the lower court for further proceedings not inconsistent with the opinion published in 60 P.R.R. 802.

In the petition for certiorari filed in this court the petitioner-mayor alleges:

That after the case was submitted for a second time to the District Court of Ponce, it rendered another judgment setting aside the decision wherein the secretary-auditor was removed from office and ordering that he be reinstated on his post with the right to receive the salaries accrued while he was suspended from employment and pay, with imposition of costs on the petitioner-mayor. The trial judge stated in his statement of the case and opinion, that "after an ample study of the pros and cons of the sufficiency of the charges and of the evidence introduced in support thereof, we are of the opinion that, taking the charges and said evidence as a whole, there was no just cause for the removal of Sixto Acosta . . . "

Petitioner alleges that the trial judge committed manifest error and acted with bias, prejudice, and partiality (a) in failing to apply §36 of the Municipal Law in force which provides that the removal of municipal officers by the mayor shall be for just cause, it being incumbent on the mayor to decide what constitutes just cause; (b) in holding that it did not appear from the evidence introduced that there was just cause for the removal in contravention to the doctrine established by the Supreme Court in deciding in the former appeal that the mayor had not shown bias, prejudice, or partiality in filing the charges or in presiding the hearing thereof; (c) in disregarding the statutory provisions which bind him to review the proof with the sole purpose of de-

ciding if there exists any evidence, said magistrate not being authorized to pass upon the weight of the evidence. In support of his contention, the petitioner-mayor relies on the decision of this court in *González* v. *Todd, Mayor,* 40 P.R.R. 171.

The writ issued in the present case was quashed for the following reasons:

■■ Section 29 of the Act establishing a system of local government for the municipalities of Puerto Rico (Act No. 53 of 1928, Sess. Laws, p. 334) as amended by Act No. 98 of May 15, 1931 (Laws of 1931, p. 594) provides in its pertinent part as follows:

"The municipal administrative officers and employees shall be removed from office only by the mayor, from whose decision the prejudiced officer or employee may take an appeal, which shall be the only one allowed, to the corresponding district court, which shall consider and decide the questions of fact and law involved in the appeal, within a term not exceeding thirty (30) days from the filing of the complaint on appeal from the judgment of the district court deciding the points raised. . . ." (Italics ours.)

It is readily seen that the intention of the lawmaker was that the judge of the corresponding district court should be the last to consider the questions of fact and law which may arise in an appeal taken by a municipal officer from the decision of a mayor removing him. Inasmuch as this appeal is final and definite, the mayor feeling aggrieved by the judgment setting aside his decision, felt it necessary to resort to the extraordinary remedy of certiorari pursuant to the Act of May 10, 1904.

The decision in *González* v. *Todd, Mayor, supra,* is of no avail to the petitioner. Said case came to this court by virtue of an appeal taken by Mrs. González from a judgment rendered by the District Court of San Juan dismissing the certiorari proceeding instituted by her, wherein she sought the review of the proceedings had by the Mayor of San Juan for her removal from office in the Municipal Hospi-

tal. Section 29 of an Act Establishing a Local Government and Reorganizing Municipal Services of July 31, 1919' (Act No. 85 of 1919, Sess. Laws, p. 684), as amended by Act No. 11 of June 25, 1924 (Laws of 1924, p. 76) which was the Act in force at the time that Mrs. González was removed from office, granted to the mayor the authority to remove for just cause and after a hearing and an opportunity to defend, to all officers and municipal employees, but it did not grant the person removed any remedy of appeal from the decision of the mayor. Relying on that circumstance, Mrs. González resorted to the district court with the petition for certiorari wherein she alleged that the decision rendered by the mayor was not supported by the evidence, that there was no just cause for her removal, and that the mayor acted illegally in excess of his jurisdiction. The court held, relying on *Piovanetti* v. *Municipal Assembly of Yauco,* 31 P.R.R. 496; and *Coll* v. *Todd, Mayor,* 35 P.R.R. 572, that, conceding that the proceeding for certiorari is the proper remedy for the review of the decision of the mayor, the district court could only inquire whether the mayor had jurisdiction or if he exceeded it or whether the procedure followed in exercising it was erroneous.

The Act now in force (§29, Act No. 53 of 1928, Sess. Laws, p. 334, amended by Act No. 98 of May 15, 1931, Sess. Laws p. 594), *supra,* grants to the prejudiced employee the right of appeal to the district court, and to the latter the power to "consider and decide the questions of fact and law," which power carries with it that of passing upon the sufficiency or insufficiency of the evidence. If the decision removing the employee is reversed, the mayor may not appeal to the Supreme Court, inasmuch as the Act provides, as we have seen, that "none of the parties can appeal from the judgment of the district court deciding the points raised."

■■ It is a well-settled rule by an abundance of decisions by this court, that within the proceeding of a classic

410

certiorari authorized by the Act of March 10, 1904, we can only consider and decide whether the lower court has jurisdiction to entertain the case and to decide on its merits the questions raised before it, or if the procedure followed by it was in accordance with law. *People* v. *District Court*, 44 P.R.R. 681; *García* v. *District Court*, 45 P.R.R. 381; *García* v. *District Court*, 46 P.R.R. 523; *Díaz* v. *District Court*, 55 P.R.R. 409.

The petitioner has not challenged the jurisdiction of the court *a quo* to render judgment whereby the order issued by him was reversed. Neither does he charge that the procedure followed by said court was not in accordance with law. He only complains of the weighing of the evidence. And in that, even though we are inclined to differ from the trial judge's opinion, we can not intervene.

The writ issued must be discharged and the petition dismissed.